UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARCUS CONNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:21-cv-02188-SEB-MPB |
| ) | |
| DENNIS REAGLE, ) | |
| ) | |
| Respondent. ) | |

**ORDER GRANTING MOTION TO DISMISS**

Marcus Conner is an Indiana prisoner. He brings this habeas petition challenging his Elkhart County convictions for dealing cocaine and maintaining a common nuisance. The respondent has filed a motion to dismiss the petition as untimely. Mr. Conner argues that he is entitled to equitable tolling because he diligently pursued his rights and followed incorrect legal advice from his post-conviction counsel about his deadline to file his habeas petition. The Court finds that Mr. Conner is not entitled to equitable tolling, and the motion to dismiss is **GRANTED**.

**I. BACKGROUND**

**A. Underlying Misconduct and Procedural History**

Mr. Conner sold cocaine to two confidential informants at his home, which was within 1,000 feet of a youth program center. He was a habitual offender as defined by Indiana law. Following his arrest, he was held in pretrial detention for 1,034 days. He was convicted of dealing cocaine within 1,000 feet of a youth program center and maintaining a common nuisance. He received a 72-year sentence in the Indiana Department of Correction. The Indiana Court of Appeals affirmed. *See Conner v. State*, 59 N.E.3d 1100 (Ind. Ct. App. 2016) ("*Conner I*").

**On August 12, 2016**, Mr. Conner's deadline to file a petition to transfer to the Indiana Supreme Court expired. *Conner I* (issued July 13, 2016); Ind. App. R. 57(c)(1) (2016) (imposing a 30-day deadline to file a petition to transfer following an order of the Indiana Court of Appeals).

**On January 23, 2017**, Mr. Conner filed a petition for post-conviction relief in state court. Dkt. 9-3, p. 2. He was represented in those proceedings by the Indiana State Public Defender. *Id.* His petition was denied, and the Indiana Court of Appeals affirmed. *Conner v. State*, 146 N.E.3d 343 (Ind. Ct. App. 2020) ("*Conner II*").

**On September 24, 2020**, the Indiana Supreme Court denied Mr. Conner's petition to transfer his post-conviction appeal in a 3-2 split decision. Dkt. 9-19. The United States Supreme Court denied his petition for a writ of certiorari on April 26, 2021. *Conner v. Indiana*, 141 S. Ct. 2574 (2021).

**On August 4, 2021**, Mr. Conner filed a habeas petition in this Court. Dkt. 2. He claims that he received ineffective assistance of trial counsel, who did not file a Sixth Amendment speedy trial motion, and ineffective assistance of appellate counsel, who did not challenge the sufficiency of the evidence that Mr. Conner dealt cocaine within 1,000 feet of a youth program center. *Id.*

### B. Timeliness of Habeas Petition

Regarding the timeliness of his petition, Mr. Conner states, "Petitioner's Post-Conviction Counsel informed him in light of the above timeline he has until November 1, 2021, to file this Petition for Writ of Habeas Corpus thus making his petition filed in a timely manner under 28 U.S.C. § 2244(d)." *Id.* at 21. The "above timeline" included the filing and denial of Mr. Conner's petition for a writ of certiorari. *Id.* In a subsequent motion, Mr. Conner argues that he is entitled to equitable tolling because "he diligently pursued his right to file his habeas corpus [petition] after

2

being told by his ineffective [post-conviction] counsel [that] he had until November 2021 to file [his habeas petition]." Dkt. 11, para. 1.

Mr. Conner has submitted a signed affidavit from his post-conviction counsel, deputy state public defender Michael Sauer. Dkt. 12. Mr. Sauer states that he asked attorney Michael Ausbrook to consider filing a petition for a writ of habeas corpus in the event that Mr. Conner's transfer petition was denied by the Indiana Supreme Court. *Id.* at para. 4. Mr. Ausbrook is a habeas corpus practitioner and teaches a course at the Indiana University Maurer School of Law titled, "Federal Habeas Litigation." *Id.* According to Mr. Sauer, Mr. Ausbrook "believed that Mr. Conner should litigate a petition for writ of certiorari in the United States Supreme Court before filing a petition for writ of habeas corpus in federal district court." *Id.* Mr. Sauer also states that Mr. Ausbrook told him "that the one-year habeas AEDPA limitations 'clock' would remain tolled if a petition for certiorari were filed." *Id.* at para. 6.

On October 16, 2020, Mr. Conner told Mr. Sauer that he planned to file a habeas petition in federal court, either with private counsel or with the help of an inmate working in the prison law library. *Id.* at para. 7. Mr. Sauer "told Mr. Conner to wait until [Mr. Sauer] decided to file a petition for certiorari in the U.S. Supreme Court." *Id.* Mr. Sauer "assured Mr. Conner that the one-year habeas clock would remain tolled if [he] filed a collateral review certiorari petition" and that Mr. Conner would have "plenty of time to file a habeas petition" if Mr. Sauer decided not to file a petition for certiorari. *Id.* Mr. Sauer "failed to conduct any independent research to confirm that the one-year AEDPA limitations clock would remain tolled while a collateral review certiorari petition remained pending." *Id.* at para. 8.

On April 27, 2021, Mr. Sauer mailed Mr. Conner a letter "informing him that the petition for certiorari had been denied, and misinforming him that he had about 200 more days to file a

3

petition for writ of habeas corpus." *Id.* at para. 11. Mr. Sauer "was not aware of *Lawrence v. Florida*, 549 U.S. 327 (2007) until he read the State's Motion to Dismiss in this action on October 12, 2021." *Id.* at para. 13 (cleaned up).

Mr. Conner has submitted emails between Mr. Sauer and Mr. Ausbrook where they discuss whether a petition for a writ of certiorari would toll the statute of limitations to file a habeas petition. Dkt. 12-1. In these emails, Mr. Sauer asked Mr. Ausbrook, "Does the habeas clock remain tolled for 90 days after transfer is denied, regardless of whether a cert petition is ultimately filed?" *Id.* at 2. Mr. Ausbrook answered, "The clock only remains stopped if a cert. petition is actually filed. It's not like after a direct-appeal decision when you get the 90 days regardless of whether a cert. petition is filed." *Id.* at 1.

### C. Claims for Habeas Review

#### 1. Ineffective Assistance of Trial Counsel

Mr. Conner claims that his trial counsel was ineffective for not filing a Sixth Amendment speedy trial motion while the state held him in pretrial detention for 1,034 days following his arrest. Dkt. 2, pp. 6-10. Although trial counsel made speedy trial arguments under Indiana Criminal Rule 4, trial counsel did not file a Sixth Amendment speedy trial motion. *Connor I* *5-6. Mr. Conner filed several *pro se* Sixth Amendment speedy trial motions, which were summarily denied because he was represented by counsel. *Id.* *1-2.

The Indiana Court of Appeals rejected this argument on post-conviction appeal. The court identified the two-prong ineffective assistance of counsel standard in *Strickland v. Washington*, 466 U.S. 668 (1984) (deficient performance of counsel and prejudice to the defendant). *Conner II* *3-4. The court also identified the four-factor balancing test for Sixth Amendment speedy trial claims in *Barker v. Wingo*, 407 U.S. 514 (1972). *Connor II* *5-6. In assessing the four *Barker*

factors, the court held "that Conner's trial attorneys did not perform deficiently because any constitutional challenge to the pretrial delay would not have been successful." *Id.* *6.

Mr. Conner now claims that the Indiana Court of Appeals unreasonably applied the holding in *Barker*. Dkt. 2, pp. 6-10.

### 2. Ineffective Assistance of Appellate Counsel

Mr. Conner claims that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence. He argues there was insufficient evidence of a youth program center within 1,000 feet of his home, where he sold cocaine to two criminal informants. Dkt. 2, pp. 12-14. The Indiana Court of Appeals rejected this argument, reasoning that there was sufficient evidence of a youth center based on testimony that a building near Mr. Conner's home contained "an immunization clinic, a lead poison prevention program for small children, and other services." *Conner II* *7. Mr. Conner argues that the Indiana Court of Appeals erred because it "did not state why [a sufficiency of the evidence argument] would not be successful." Dkt. 2, p. 14.

## II. LEGAL STANDARD

### A. Statute of Limitations

#### 1. Legal Standard

A state prisoner has one year after the conviction becomes final in state court to file a habeas petition. *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015) (citing 28 U.S.C. § 2244(d)(1)(A)). A conviction becomes final when the deadline to file a petition for certiorari in the United States Supreme Court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012). The limitations period is tolled while the petitioner's properly filed state post-conviction relief petition is pending. *Day v. McDonough*, 547 U.S. 198, 201 (2006) (citing 28 U.S.C. § 2244(d)(2)). A state post-conviction relief petition is pending until it has been denied by the

highest level of state court review. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007). The one-year statute of limitations to file a habeas petition is not tolled during the pendency of a petition for a writ of certiorari seeking review of the denial of state post-conviction relief. *Id.*

2. **Analysis**

Mr. Conner filed his habeas petition 113 days after the one-year period of limitations had already passed. The following table illustrates this fact:

| EVENT | DATE | DAYS LEFT TO FILE |
|---|---|---|
| Conviction Final | August 12, 2016 | 365 |
| State PCR Petition Filed | January 23, 2017 | 201 |
| PCR Transfer Petition Denied | September 24, 2020 | 201 |
| Last Day to File within Limitations | April 13, 2021 | 0 |
| Habeas Petition Filed | August 4, 2021 | **(113)** |

Mr. Conner's deadline to file his habeas petition was not tolled during the pendency of his petition for a writ of certiorari following the Indiana Supreme Court's denial of his post-conviction petition to transfer. *Lawrence*, 549 U.S. at 332. Having found that Mr. Conner's habeas petition was filed outside the statute of limitations, the Court will next analyze whether he is entitled to equitable tolling.

B. **Equitable Tolling**

1. **Legal Standard**

The one-year period of limitations to file a habeas petition is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A habeas petitioner who seeks equitable tolling carries the burden of showing (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* Courts do not apply

equitable tolling if the petitioner fails to demonstrate either of these elements. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). Equitable tolling requires a case-by-case decision guided by precedent. *Holland*, 560 U.S. at 649-50. Equitable tolling is not a chimera, but it is nevertheless an extraordinary remedy that is rarely granted. *Carpenter*, 840 F.3d at 870.

The diligence required for equitable tolling is "reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (cleaned up). However, "mere conclusory allegations of diligence are insufficient and reasonable effort throughout the limitations period is required." *Mayberry v. Dittman*, 904 F.3d 525, 531 (7th Cir. 2018). A petitioner's lack of action for months on end tends to show that he has not acted with reasonable diligence. *E.g.*, *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013). A petitioner may demonstrate reasonable diligence by, for example, writing letters seeking information and direction, repeatedly contacting attorneys or courts, or filing a *pro se* habeas petition shortly after discovering that the limitations period has expired. *Id.*

An extraordinary circumstance justifying equitable tolling must involve something beyond the petitioner's control. *Carpenter*, 840 F.3d at 872. A lack of legal training, a lack of counsel, and other "garden variety" claims involving common aspects of prison life are insufficient. *Id.*

In this evaluation, the district court looks "at the entire hand that the petitioner was dealt and uses a flexible standard that encompasses all of the circumstances that he faced and the cumulative effect of those circumstances to determine whether they were extraordinary and truly prevented timely filing of the habeas petition." *Id.* (cleaned up).

  2. **Analysis**

Mr. Conner has been diligently pursuing his Sixth Amendment right to a speedy trial for close to a decade. In the trial court, he repeatedly filed *pro se* motions arguing that his prolonged pretrial confinement was unconstitutional. But because he was represented by counsel, these *pro*

*se* motions were summarily denied. *Conner I* *1-2. He then tried to raise the issue to the Indiana Court of Appeals, which held that the issue was waived. *Id.* at *6. After his conviction became final, he filed a post-conviction relief petition claiming ineffective assistance of trial counsel based on trial counsel's failure to file a Sixth Amendment speedy trial motion. Dkt. 9-9. The state post-conviction court denied this claim, incorrectly, on the grounds that the speedy trial issue had already been considered and rejected by the Indiana Court of Appeals. *See* dkt. 9-10, para. 29. On post-conviction appeal, the Indiana Court of Appeals clarified that the speedy trial issue had not been previously decided but denied his claim for ineffective assistance of trial counsel, holding that a speedy trial motion would not have been successful and, therefore, Mr. Conner's trial counsel was not deficient. *Conner II* *4-6. A divided Indiana Supreme Court denied his petition to transfer in a 3-2 split. Dkt. 9-19.

A few weeks after his petition to transfer was denied, Mr. Conner told post-conviction counsel that he was going to file a petition for a writ of habeas corpus in federal district court. Mr. Conner's plan was to retain a private attorney or file a *pro se* habeas petition with the assistance of fellow prisoners in the law library. But post-convciction counsel told Mr. Conner *not to file* a habeas petition until *after* the resolution of his petition for a writ of certiorari. Dkt. 12, para. 7. This advice came from post-conviction counsel and from attorney Michael Ausbrook, a habeas practitioner who teaches "Federal Habeas Litigation" at the Maurer School of Law and was the co-author of Mr. Conner's petition for a writ of certiorari. *Id.* at para. 6; dkt. 9-20.

Of course, this was bad advice. The statute of limitations continued to run while Mr. Conner's petition for a writ of certiorari was pending. After the petition for certiorari was denied, post-conviction counsel told Mr. Conner that he had until November 1, 2021, to file his habeas petition. Dkt. 12, para. 11. Mr. Conner then prepared and filed his *pro se* habeas petition

8

on August 4, 2021, on the misinformed belief that he was nearly three months ahead of schedule. Dkt. 2.

In the motion to dismiss, the respondent argues that poor legal advice from post-conviction counsel does not meet the "extraordinary" requirements for equitable tolling. Dkt. 9, pp. 5-6 (quoting *Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014) ("lack of legal knowledge" is not grounds for tolling and neither is a "'garden variety'" attorney error "such as miscalculation of a deadline.")).

Indeed, the Seventh Circuit has repeatedly held that bad advice from an attorney does not meet the demanding threshold of an extraordinary circumstance outside the petitioner's control. *E.g.*, *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021) (no equitable tolling where counsel told the petitioner that his conviction was final after the direct appeal and that there was nothing else he could file to challenge his conviction); *Lombardo v. United States*, 860 F.3d 547, 552-53 (7th Cir. 2017) ("mistake by Lombardo's counsel in identifying the correct filing deadline," where counsel believed the period of limitations ran from the denial of rehearing rather than the denial of certiorari, "was neither extraordinary nor beyond Lombardo's control"); *but see Estremera v. United States*, 724 F.3d 773, 776 (7th Cir. 2013) ("Abandonment by counsel can toll the limitations period.").

In *Lawrence*, where the United States Supreme Court first held that the limitations period is not tolled by a pending petition for certiorari challenging the denial of state post-conviction relief, the Court rejected the petitioner's equitable tolling argument:

> Lawrence argues that his counsel's mistake in miscalculating the limitations period entitles him to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.

9

*Lombardo*, 860 F.3d at 553 (quoting *Lawrence*, 549 U.S. at 336-37).

In light of this binding precedent, the Court finds that Mr. Conner is not entitled to equitable tolling. Although he diligently pursued his Sixth Amendment right to a speedy trial, as well as his right to file a § 2254 petition in federal district court, he has not shown that extraordinary circumstances outside his control prevented him from filing a habeas petition within the one-year period of limitations. Post-conviction counsel made the same mistake as the attorney in *Lawrence*, believing incorrectly that his client's deadline to file a habeas petition was tolled during the pendency of his petition for a writ of certiorari. The Supreme Court held that this mistake (which at the time involved an unresolved issue of law) did not entitle the petitioner to equitable tolling.

So too here. Mr. Lawrence received bad advice, but nothing prevented him from conducting his own independent research and filing a *pro se* habeas petition within the one-year statute of limitations. He does not argue that he lacked access to legal materials or that some other circumstance *outside* his control prevented him from filing his habeas petition on time.

Mr. Conner relies on the equitable exception to procedural default set forth in the United States Supreme Court's decision *Martinez v. Ryan*, 566 U.S. 1 (2012), and argues that an analogous exception should be made for equitable tolling. *See* dkt. 10, p. 2 (citing *Brown v. Brown*, 847 F.3d 502 (7th Cir. 2017)). Under that line of cases, known as the "*Martinez-Trevino*" exception, ineffective assistance of postconviction counsel may excuse a procedurally defaulted claim for ineffective assistance of trial counsel where the claim has at least "some merit." *Brown*, 847 F.3d at 514-15 (citing *Martinez*, 566 U.S. at 14); *see also Trevino v. Thaler*, 569 U.S. 513 (2013).

The Seventh Circuit rejected a similar argument in *Lombardo*. *See* 860 F.3d at 555 (rejecting petitioner's invitation to create an equitable tolling exception specific to claims for ineffective assistance of trial counsel upon a showing that the default was caused by ineffective assistance of post-conviction counsel and that the ineffective assistance of trial counsel claim has

some merit) (distinguishing *Martinez*, 566 U.S. 1; *Trevino*, 569 U.S. 513). Although "egregious attorney misconduct could sometimes amount to extraordinary circumstances so as to justify equitable tolling," the simple miscalculation of a deadline and other garden variety bad advice does not meet this standard. *Lombardo*, 860 F.3d at 554; *Lawrence*, 549 U.S. 336-37.

Accordingly, the motion to dismiss is **GRANTED**.

### IV. CERTIFICATE OF APPEALABILITY

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court **GRANTS** a certificate of appealability on the issue of whether Mr. Conner is entitled to equitable tolling.

## V. Conclusion

The respondent's motion to dismiss, dkt. [9], is **GRANTED**. The petitioner's motion for equitable tolling, dkt. [11], is **DENIED**. Final judgment in accordance with this order shall now issue.

**IT IS SO ORDERED**.

Date: 4/19/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARCUS CONNER
922641
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov